NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL EDWARD STEVENSON, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1191

---

Petition for review of the Merit Systems Protection Board in No. DA-0714-19-0524-C-1.

---

Decided:  December 3, 2025

---

MICHAEL EDWARD STEVENSON, JR., Piedmont, OK, pro se.

KRISTIN ELAINE OLSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before PROST, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Michael E. Stevenson, Jr., petitions for review of a Merit Systems Protection Board ("Board") decision affirming the denial of his petition for enforcement that sought back pay and other relief from the Department of Veterans Affairs ("VA"). For the following reasons, we affirm.

## BACKGROUND

Mr. Stevenson was employed as a Supervisory Police Officer at the VA's Oklahoma City Medical Center. On July 18, 2018, the VA issued Mr. Stevenson a notice of proposed removal. After Mr. Stevenson responded, the VA issued a decision removing him from employment effective September 11, 2019, which he appealed to the Board. S.A. 352–53.[1]

Meanwhile, Mr. Stevenson applied for and was granted a disability retirement annuity under the Federal Employees' Retirement System ("FERS") commencing the day after his removal. S.A. 3. The Office of Personnel Management ("OPM") issued a notice approving Mr. Stevenson's disability application on November 22, 2019. S.A. 629. The notice "found [him] to be disabled for [his] position as a Supervisory Police Officer, due to [his] Lumbar Spinal Stenosis and Arthritis of Left Ankle." *Id.*

On February 16, 2023, the Board reversed the VA's removal action. S.A. 450–62 ("2023 Order"). The Board ordered the VA to: (1) cancel the removal action; (2) restore Mr. Stevenson effective September 11, 2019; and (3) award him back pay as appropriate. S.A. 457; *see also* S.A. 12 n.1 (clarifying dates). The following week, the VA offered Mr. Stevenson reinstatement. However, Mr. Stevenson declined, stating that "[m]y current health conditions and

---

[1]    "S.A." refers to the supplemental appendix included with the government's informal brief.

disabilities would not allow me to carry out my duties as a Supervisory Police Officer." S.A. 538. Consistent with his decision to decline reinstatement and his disability retirement status, the VA determined Mr. Stevenson was not entitled to any back pay.

On April 24, 2023, Mr. Stevenson filed a petition for enforcement of the Board's 2023 Order. S.A. 501. In an initial decision, the administrative judge ("AJ") found that the VA complied with the 2023 Order and denied Mr. Stevenson's petition. Specifically, the AJ found that the VA produced a Standard Form 50 ("SF-50") showing it cancelled Mr. Stevenson's removal effective September 11, 2019. S.A. 14–15, 547. The AJ also found the VA sought to return Mr. Stevenson to work, but he declined the offer, and the VA issued a second SF-50 memorializing his disability retirement status as of September 11, 2019. S.A. 15, 593. As to back pay, the AJ found the VA in compliance because Mr. Stevenson was not "ready, willing, and able" to perform his duties during the relevant period. S.A. 15 (citing 5 C.F.R. § 550.805(c)). The AJ relied on (1) the VA's evidence showing Mr. Stevenson was granted a FERS disability retirement annuity when he was removed, and (2) his second SF-50 that documented his disability retirement. S.A. 13, 16.

Mr. Stevenson petitioned the Board for review of the AJ's initial decision. Relevant here, the Board rejected Mr. Stevenson's arguments regarding the effective date of his disability retirement and his evidence purportedly demonstrating he was "ready, willing, and able" to perform the duties temporarily assigned to him at the time of separation. S.A. 2–3. The Board found that Mr. Stevenson had not established any basis for granting his petition under 5 C.F.R. § 1201.115. S.A. 2. Therefore, the Board denied the petition and affirmed the AJ's decision, which became the Board's final decision. S.A. 5.

Mr. Stevenson timely petitioned to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

### DISCUSSION

A decision by the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Under the substantial-evidence standard, we consider whether the Board's decision is "supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Habae v. DOJ*, 288 F.3d 1288, 1298 (Fed. Cir. 2002) (cleaned up).

Mr. Stevenson primarily argues that the Board failed to consider that he and a VA human resource specialist entered into a purported binding agreement to change his retirement date to June 3, 2023. Pet'r's Informal Br. 2. According to Mr. Stevenson, this would entitle him to back pay from September 11, 2019 until June 3, 2023. S.A. 620; *see also* Memorandum in Lieu of Oral Argument at 4 (Oct. 24, 2025), ECF No. 52. Thus, the principal issue raised by Mr. Stevenson appears to be whether the VA must provide back pay for this period.

We conclude that substantial evidence supports the Board's decision denying Mr. Stevenson's petition. The Board found that Mr. Stevenson "applied for and was granted a FERS disability retirement annuity commencing the day after his removal." S.A. 3. For OPM to have granted the application, OPM was required to find "that the employee is unable, because of disease or injury, to render useful and efficient service in his position." S.A. 3 (cleaned up). The Board, therefore, reasonably adopted the AJ's conclusion that Mr. Stevenson was not entitled to back pay because he had not shown he was "ready, willing, and able" to work as a Supervisory Police Officer. The VA's evidence, including the OPM notice finding Mr. Stevenson "to

be disabled for [his] position as a Supervisory Police Officer," S.A. 629, and the VA's documentation showing Mr. Stevenson's status as "RETIREMENT-DISABILITY" as of September 11, 2019, S.A. 593, amply supports the Board's conclusion.

Mr. Stevenson's arguments do not undermine the Board's finding that he "failed to provide any evidence demonstrating that, despite the fact that he was awarded a FERS disability retirement as of the day after the canceled removal action, he was ready, willing, and able to complete his job duties for any period after the date of the reversed action, even though he was specifically afforded the opportunity to offer such evidence." S.A. 3. As to the alleged agreement to change his retirement date, Mr. Stevenson's failure to complete his retirement paperwork until May 30, 2023, does not alter the fact that he had already been receiving FERS disability annuity payments for years, *see* S.A. 516–20, and the VA already considered him retired. S.A. 593. Nor does the Board's cancellation of the original removal action undo Mr. Stevenson's separation as a result of his approved FERS disability retirement application. S.A. 4.

## CONCLUSION

We have considered Mr. Stevenson's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision.

**AFFIRMED**

### COSTS

No costs.